IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William Swaney, #249421; Buddy Newsome, #220855; Adam Weitenhagen, #319884; George W. Scott, #189973; Terry Beachum, #126044; Larry Blackwell, #176790; Jesse Speer, #372868; and Franklin Owens, #082949, Keith Tate, #236480, | ) ) ) ) ) ) ) ) ) | Civil Action No. 2:24-5440-JD-MGB |
| | ) | |
| Plaintiffs, | ) | **ORDER AND OPINION** |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Corrections. Bryan Stirling, Richard Hodgkins, Director of Division of Industries, and Shaw Industries Group Inc., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C. (DE 126.) In the Report, the Magistrate Judge recommends that the motions to dismiss filed by Defendants South Carolina Department of Corrections, Bryan Stirling, and Richard Hodgkins (DE 99), as well as the motion to dismiss filed by Defendant Shaw Industries Group Inc. (DE 102), be granted and that Plaintiffs' Amended Complaint be dismissed in

1

full.[1] Plaintiffs filed objections to the Report (DE 128), and Defendants filed replies to those objections (DE 129; 130.) Accordingly, this matter is ripe for review.

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. The Court provides this summary as a brief background.

## A.    Factual Background

Plaintiffs are state prisoners housed at Tyger River Correctional Institution who participate, or previously participated, in the Prison Industry Enhancement Certification Program ("PIECP"), a program through which inmates perform labor for private contractors while incarcerated. (DE 91 at 3.) Plaintiffs allege that Defendant South Carolina Department of Corrections ("SCDC") operates the PIECP in conjunction with private entities, including Defendant Shaw Industries Group Inc. ("Shaw Industries"). (*Id.*) Plaintiffs contend that the program is subject to federal and state requirements mandating that inmates participating in the PIECP be paid wages consistent with prevailing local wage standards for comparable work. (*Id.*) Plaintiffs allege that, notwithstanding these requirements, Defendants engaged in a systemic practice of underpaying inmates participating in the PIECP and diverting funds for institutional use. (*Id.*) Specifically, Plaintiffs claim that SCDC failed to

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

calculate inmate wages properly and that Shaw Industries knowingly participated in or benefited from the alleged wage practices through its contractual relationship with SCDC. Plaintiffs also assert that these actions deprived them of earned wages and constituted fraudulent conduct and misappropriation of funds. Based on these allegations, Plaintiffs bring claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and 42 U.S.C. § 1983, alleging violations of their constitutional rights under the Fifth and Fourteenth Amendments. Plaintiffs also assert state-law claims for breach of contract and unjust enrichment arising from the alleged failure to pay prevailing wages. Plaintiffs seek declaratory, injunctive, and monetary relief, including treble damages. (DE 91 at 11.)

**B.    Procedural Posture**

This civil action was initially filed on September 30, 2024, by multiple state prisoners proceeding pro se. (DE 1.) After issuing orders directing Plaintiffs to bring the case into proper form, the Court authorized service of the complaint. Plaintiffs then sought and were granted leave to amend their pleading, and they filed their Amended Complaint on August 29, 2025. (DE 91.)

Following service of the Amended Complaint, Defendants South Carolina Department of Corrections, Bryan Stirling, and Richard Hodgkins moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 99.) Defendant Shaw Industries separately filed its own motion to dismiss, raising similar jurisdictional and pleading deficiencies. (DE 102.) The Court issued orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiffs of the

3

dismissal procedure and the possible consequences if they failed to respond to the motions adequately. (DE 100; 103.)

Plaintiffs filed responses in opposition to the motions to dismiss (DE 105; 118), and Defendant Shaw filed a reply (DE 123).[2] Plaintiffs filed a sur-reply without seeking leave of the Court. (DE 125.) The Court has considered the filing to the extent appropriate.

## II.    REPORT AND RECOMMENDATION

On February 18, 2026, the Magistrate Judge issued the Report recommending that the motions to dismiss filed by Defendants SCDC, Bryan Stirling, and Richard Hodgkins, and by Defendant Shaw Industries, be granted and that Plaintiffs' claims be dismissed in full. (DE 126.) The Magistrate Judge analyzed the motions under Rules 12(b)(1) and 12(b)(6). (*Id.*)

As to Plaintiffs' § 1983 claims against the SCDC Defendants, the Magistrate Judge concluded that SCDC is not a "person" amenable to suit under § 1983. (DE 126 at 9.) The Magistrate Judge also concluded that Plaintiffs' § 1983 claims against SCDC, and against Defendants Stirling and Hodgkins in their official capacities, are barred by the Eleventh Amendment. (DE 126 at 9-10.) To the extent Plaintiffs intended to sue Stirling or Hodgkins in their individual capacities, the Magistrate Judge found the Amended Complaint failed to allege facts showing either defendant's

---

[2]    The Court notes that Plaintiffs filed an additional submission after completing briefing on Defendant Shaw Industries' motion to dismiss, which Defendants characterize as a sur-reply. Plaintiffs did not seek leave of Court prior to filing this submission. To the extent the filing raises arguments not previously presented, the Court has not relied on those arguments in resolving the pending motions but has considered the filing to the extent appropriate.

personal involvement in any constitutional deprivation. (DE 126 at 10-11.) The Report also noted that Plaintiffs did not appear to assert a § 1983 claim against Shaw Industries, and that any such claim would fail because Shaw Industries is a private entity and the Amended Complaint does not plausibly allege state action. (DE 126 at 13-14.)

The Magistrate Judge next addressed Plaintiffs' civil RICO claims. As to the SCDC Defendants, the Report concluded that the RICO claims against SCDC and against Stirling and Hodgkins in their official capacities are barred by the Eleventh Amendment. (DE 126 at 11-12.) The Report also concluded that, to the extent Plaintiffs intended to assert RICO claims against Stirling or Hodgkins in their individual capacities, the Amended Complaint lacked factual allegations showing their participation in the alleged racketeering activity. (DE 126 at 12-13.) As to Shaw Industries, the Magistrate Judge concluded that the Amended Complaint failed to plausibly allege the required elements of a civil RICO claim, including predicate acts constituting racketeering activity and a pattern of racketeering activity. (DE 126 at 14-15.) In particular, the Report found that Shaw Industries' alleged contractual payments to SCDC and acceptance of goods under the parties' contract did not constitute predicate acts under RICO. (DE 126 at 15.)

Finally, the Magistrate Judge addressed Plaintiffs' state-law breach-of-contract and unjust-enrichment claims. Because the Report recommended dismissal of all federal claims, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over the state-law claims. (DE 126 at 15-16.) In

the alternative, the Magistrate Judge concluded that those claims fail on the merits because Plaintiffs lack a private right of action under S.C. Code Ann. § 24-3-430(D), and because the Eleventh Amendment and sovereign immunity bar the state-law claims against the SCDC Defendants. (DE 126 at 16-17.) Accordingly, the Magistrate Judge recommended that both motions to dismiss be granted and that Plaintiffs' claims be dismissed in full. (DE 126 at 18.)

### III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.    OBJECTIONS

Plaintiffs filed objections to the Report. (DE 128.) Plaintiffs raise several categories of objections. They contend that:

(a)   the Court has subject matter jurisdiction and that they have standing;

(b)   the Report erred in recommending dismissal of their § 1983 and constitutional claims;

(c)   Eleventh Amendment immunity does not bar their claims against the SCDC Defendants;

(d)   Plaintiffs have adequately pleaded civil RICO claims against Defendants;

(e)   Shaw Industries may be held liable based on its alleged role in the prison-labor program; and

(f)   that their state-law claims for breach of contract and unjust enrichment should proceed.

(DE 128.) The Court has reviewed de novo the portions of the Report to which Plaintiffs specifically object. Upon review, the Court finds Plaintiffs' objections unpersuasive. The Court addresses each objection in turn.

First, Plaintiffs object that they have Article III standing and that this Court has federal-question jurisdiction because they allege economic injury from unpaid wages and invoke RICO, 28 U.S.C. §§ 1331–1334, and 18 U.S.C. § 1964(c). (DE 128 at 1–2.) But the Report does not recommend dismissal simply because Plaintiffs failed to allege economic injury. Rather, construing the Amended Complaint liberally, the Report concludes that Plaintiffs' asserted federal claims either do not provide a private cause of action, are barred as pleaded, or fail to state a plausible claim for relief. (DE 126 at 5–15.) Plaintiffs' objection identifies no error in that analysis. Nor does Plaintiffs' general invocation of federal-question or RICO jurisdiction cure those defects; a bare assertion that federal law has been violated is insufficient where the asserted federal claims are insubstantial, foreclosed, or otherwise fail as pleaded. (DE 126 at 8 n.6.) This objection is overruled.

7

Second, Plaintiffs object to dismissal of their § 1983 claims, arguing that they have a protected property interest in wages allegedly owed for prison labor and that Defendants violated their constitutional rights. (DE 128 at 5.) The objection does not identify an error in the Report's dispositive conclusions. SCDC is not a "person" subject to suit under § 1983. (DE 126 at 9.) The § 1983 claims against SCDC and against Stirling and Hodgkins in their official capacities are barred by the Eleventh Amendment. (DE 126 at 9–10.)

Plaintiffs' individual-capacity argument fares no better. Plaintiffs correctly note that the Eleventh Amendment does not bar damage claims against state officials sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991). But that principle does not relieve Plaintiffs of their obligation to plausibly allege each individual defendant's personal involvement in the alleged constitutional deprivation. Even assuming, without deciding, that Plaintiffs had a protected property interest in earned prison wages, the individual-capacity claims still fail because the Amended Complaint does not plausibly allege that either Stirling or Hodgkins personally caused a constitutional deprivation.

Plaintiffs' assertions that Stirling and Hodgkins held supervisory positions, had general authority over SCDC or prison-industry wages, knew generally of the wage structure, or failed to correct alleged underpayment are insufficient to establish individual liability under § 1983. Section 1983 does not permit liability based on respondeat superior, and Plaintiffs do not plausibly allege facts showing that either Stirling or Hodgkins personally participated in, directed, or knowingly approved a

specific unconstitutional wage deprivation. (DE 126 at 10–11.) Plaintiffs' reliance on *Hafer* and *West v. Atkins*, 487 U.S. 42 (1988), does not cure that pleading defect. *Hafer* establishes that state officials sued in their individual capacities are "persons" under § 1983 and are not protected by the Eleventh Amendment from individual-capacity damages claims. *West* establishes that a person performing prison-related functions under color of state law may be subject to § 1983 liability. Neither case supplies the missing allegations of personal participation here. Accordingly, the Report correctly recommends dismissal of the individual-capacity § 1983 claims. This objection is overruled.

Third, Plaintiffs object that Eleventh Amendment immunity does not bar their claims because they seek relief against individual defendants, allege conduct outside lawful state authority, and invoke *Ex parte Young*, 209 U.S. 123 (1908), for ongoing violations of federal law. (DE 128 at 4–6.) The Report correctly concludes that immunity bars the claims against SCDC and the official-capacity damages claims against Stirling and Hodgkins. (DE 126 at 9–10, 11–12.) Plaintiffs' reliance on *Ex parte Young* does not alter that conclusion. *Ex parte Young* permits prospective injunctive relief against a state officer only where the officer has "some connection with the enforcement" of the challenged act or conduct and the relief seeks to prevent enforcement of an allegedly unconstitutional act. 209 U.S. 123, 157 (1908). It does not permit retrospective relief for past injury, nor does it allow a federal court to order state officials to comply with state law. Plaintiffs' allegations concerning past wage deductions, billing practices, and alleged underpayment primarily seek relief for past

9

injury and do not plausibly state an ongoing federal violation warranting prospective relief against these officials. And to the extent Plaintiffs seek to proceed against Stirling or Hodgkins individually, their generalized assertions that those defendants had authority over SCDC or prison-industry wages do not cure the absence of nonconclusory factual allegations showing personal participation in the alleged misconduct. (DE 126 at 10–13.) This objection is overruled.

Fourth, Plaintiffs object to dismissal of their civil RICO claims, asserting that SCDC may serve as part of a RICO enterprise even if it cannot itself be sued as a RICO defendant, and that individual officials and private contractors participated in a scheme involving wage suppression, fraudulent payments, and related misconduct. (DE 128 at 2–7.) Even assuming a governmental entity may, in appropriate circumstances, be alleged as part of a RICO enterprise, Plaintiffs' objection does not identify error in the Report's dispositive conclusions. The RICO claims against SCDC and against Stirling and Hodgkins in their official capacities are barred by the Eleventh Amendment. (DE 126 at 11–12.) As to Stirling and Hodgkins individually, the Amended Complaint does not plausibly allege facts showing that either defendant participated in the operation or management of a RICO enterprise, rather than holding supervisory authority within SCDC. (DE 126 at 12–13.) Plaintiffs' conclusory allegations that Stirling knew of the PIECP wage structure, failed to correct alleged underpayment, or authorized agents to continue wage practices do not plausibly plead individual RICO liability.

10

Nor do Plaintiffs' allegations against Shaw Industries cure the defect. The Amended Complaint alleges contractual payments, wage practices, receipt of goods, and alleged benefit from inmate labor, but it does not plausibly plead the predicate acts, continuity, or pattern of racketeering activity required under RICO. (DE 126 at 14–15.) Labels such as "wire fraud," "mail fraud," "wage theft," "tax misrepresentations," and "misappropriation" do not suffice without factual allegations satisfying RICO's pleading requirements. Plaintiffs' cited RICO authorities establish general principles concerning enterprises, persons, and patterns of racketeering activity; they do not supply the missing factual allegations here. This objection is overruled.

Fifth, Plaintiffs object to dismissal of their claims against Shaw Industries, contending that Shaw supervisors participated in evaluations and made recommendations concerning raises, knew of the alleged wage practices, and benefited from the alleged scheme. (DE 128 at 7–10.) Plaintiffs expressly state that they are not seeking to bring a § 1983 claim against Shaw. (DE 128 at 7.) In any event, to the extent the Amended Complaint could be read to assert a constitutional claim against Shaw, the Report correctly concludes that Plaintiffs do not plausibly allege that Shaw, a private entity, acted under color of state law. (DE 126 at 13–14.) Plaintiffs' allegations that Shaw had a contractual relationship with SCDC, received goods, participated in employee evaluations, or made recommendations concerning retention or raises do not plausibly transform Shaw into a state actor for purposes of § 1983.

11

Plaintiffs' RICO theory against Shaw also fails. The objection asserts that Shaw knew of and benefited from alleged wage practices, but the Amended Complaint does not plausibly allege that Shaw committed two or more predicate acts of racketeering or conducted the affairs of a RICO enterprise through a pattern of racketeering activity. (DE 126 at 14–15.) Allegations that Shaw participated in contractual payments, received goods, or benefited from inmate labor do not amount to racketeering activity under RICO. Plaintiffs' reference to affidavit materials and additional factual assertions in their opposition papers does not cure the pleading deficiencies in the Amended Complaint. This objection is overruled.

Sixth, Plaintiffs object to dismissal of their state-law claims for breach of contract and unjust enrichment, arguing that they are intended third-party beneficiaries of PIECP-related contracts, that SCDC Defendants breached wage-related obligations, and that injunctive relief remains available under Rule 65. (DE 128 at 10–12.) The objection does not identify an error in the Report's conclusions. Because Plaintiffs' federal claims fail, the Court declines to exercise supplemental jurisdiction over the state-law claims. (DE 126 at 15–16.) The Report also correctly explains why, even if considered, those claims would face additional defects, including the absence of a private right of action under S.C. Code Ann. § 24-3-430(D) and sovereign immunity as to the SCDC Defendants. (DE 126 at 16–17.) Plaintiffs' assertion that federal PIECP requirements or government-contract principles create enforceable third-party beneficiary rights does not cure those defects. Nor does Rule 65 provide an independent cause of action or jurisdictional basis; it supplies a

12

procedural mechanism for injunctive relief only where a plaintiff has otherwise stated a viable claim. Plaintiffs' cited authorities concerning federal fraud, government contracts, implied rights of action, and federal supremacy do not establish a private right of action or overcome sovereign immunity here. This objection is overruled.

To the extent Plaintiffs raise other objections, those objections either repeat arguments already considered by the Magistrate Judge or fail to identify a specific error in the Report. Such objections are overruled.

## V.    CONCLUSION

After a careful review of the Report, the record, Plaintiffs' objections, and the applicable law, the Court finds that the Magistrate Judge properly analyzed the issues presented and correctly concluded that Plaintiffs' claims are subject to dismissal. The Court has reviewed de novo the portions of the Report to which Plaintiffs specifically objected and has reviewed the remainder of the Report for clear error. Finding no basis to reject the Magistrate Judge's reasoning or conclusions, the Court adopts the Report in full.

Accordingly, the Court ADOPTS the Report (DE 126) and incorporates it herein by reference. It is, therefore, ORDERED that the Motion to Dismiss filed by Defendants South Carolina Department of Corrections, Bryan Stirling, and Richard Hodgkins is GRANTED, and the Motion to Dismiss filed by Defendant Shaw Industries Group Inc., is GRANTED.

Plaintiffs' claims barred by the Eleventh Amendment or otherwise dismissed for lack of subject matter jurisdiction are DISMISSED WITHOUT PREJUDICE.

Plaintiffs' federal claims dismissed for failure to state a claim are DISMISSED WITH PREJUDICE. Having dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims under 28 U.S.C. § 1367(c), and those claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 27, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.